**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| LIZETH RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| HALSTED FINANCIAL | ) | |
| SERVICES, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1.      Plaintiff Lizeth Rodriguez sues Defendant Halsted Financial Services, L.L.C. for

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (2012) et seq.

Defendant violated the FDCPA by tacking on and collecting illegal fees of nearly 25% per

payment when Plaintiff was attempting to pay off her debt via payment plan.  Defendant also

violated the FDCPA by e-mailing Plaintiff notices that failed to disclose that the debt it was

collecting was time barred, inducing her to continue payment out of fear that Defendant would

sue and obtain a judgment against her when that was not actually the case.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692(k)(d) (FDCPA), 28 U.S.C.

§ 1331 (federal question), and 28 U.S.C. § 1337 (interstate commerce). At all times relevant to this

complaint, Defendant transacted substantial business in attempting to collect and actually

1

collecting debts in Virginia, and regularly uses instrumentalities of interstate commerce, including the internet and the telephone network, to contact Virginia residents. Plaintiff's causes of action arise directly from these activities.

3.      Venue in this district is proper because the acts and omissions complaint of herein took place in this district.  28 U.S.C. §1391(b)(2).

## PARTIES

4.      Plaintiff Lizeth Rodriguez ("Ms. Rodriguez") is an individual who resides in Falls Church, Virginia.

5.      Defendant Halsted Financial, LLC ("Halsted Financial" or "Halsted") is a debt collection agency operating as an Illinois limited liability company whose principal place of business is located in Skokie, Illinois.

## FACTS

6.      On or about September 14, 2014, Ms. Rodriguez began to experience severe abdominal pain. She went to the emergency room at Inova Fairfax Hospital, where she was told she had a problem with her gallbladder and would need surgery.

7.      To the best of her recollection, Ms. Rodriguez signed papers authorizing the surgery, a patient financial agreement, and a request for financial assistance.

8.      To the best of Ms. Rodriguez's recollection, the financial agreement did not list the exact cost of the services she was going to receive at the hospital.  Rather, the financial agreement explained that the cost of services would be determined at a later date.

9.      Ms. Rodriguez's request for financial assistance was approved by Inova's financial aid department and Ms. Rodriguez does not recall receiving a bill from Inova Fairfax Hospital regarding her visit to the hospital.

10.     Financial assistance from Inova only covers the bills from the hospital itself. Even if a patient qualifies for financial assistance from Inova, she still may be charged by individual doctors or practitioners that provided care during her visit.

11.     Ms. Rodriguez does not recall getting a bill from NE Virginia Emergency Physicians L.L.C., a practice group of doctors that provides care at Inova Fairfax Hospital. However, in approximately September 2017, she was contacted by phone by Denis Santa, a representative of Defendant Halsted Financial.  Mr. Santa informed Ms. Rodriguez that she had an unpaid bill of $1335 to NE Virginia Emergency Physicians as a result of her September 14, 2014 hospital visit.

12.     Mr. Santa informed Ms. Rodriguez she needed to pay this debt.  Ms. Rodriguez wanted pay, but she could not afford to do so as she has three children and was not working at the time, and her husband made barely enough to cover the family's necessities.  Mr. Santa told Ms. Rodriguez that she could pay on a monthly payment plan, with the lowest payment available being $40 per month.  Although Ms. Rodriguez was concerned about affording the payments, she wanted to try and pay off her debt and agreed to move forward with the payment plan.  Ms.  Rodriguez was also concerned that nonpayment of the debt could result in her being sued, as well as impact her credit report.  Mr. Santa did not inform Ms. Rodriguez that the statute of limitations for suing on the debt would soon be expiring.

13.     Ms. Rodriguez agreed to begin paying Halsted Financial monthly installments of $40 against the balance of the debt.  By e-mail attachment, Halsted sent Ms. Rodriguez a

"confirmation letter" memorializing her $40 per month payment plan, which consisted of thirty-three $40 payments and one $15 payment, totaling $1335, with final payment to be made in June of 2020. Exhibit A is a copy of this letter, and its contents are incorporated herein by reference.

14.     Halsted began charging Ms. Rodriguez's credit card, and later her husband's debit card, for the payment plan. With each $40 payment, Halsted would tack on a $9.95 fee. Accordingly, each monthly payment was for $49.95. Ms. Rodriguez made seven payments of $49.95, beginning in September 2017 and ending in March 2018.

15.     On information and belief, the financial agreement Ms. Rodriguez signed when she sought treatment at Inova did not set out the full terms of the contract, let alone authorize a $9.95 surcharge per payment when making payments on debts incurred as a result of the financial agreement. The payment plan confirmation letter also does not mention a $9.95 surcharge.

16.     On or about December 5, 2017, Defendant Halsted Financial sent Ms. Rodriguez a collection email ("the collection email"). The collection email states it is "an attempt to collect a debt" and several of the disclosures required by 15 U.S.C. § 1692g(a). However, neither the email nor the document attached to the email, which is a letter confirming that a payment was made on Ms. Rodriguez's account, inform Ms. Rodriguez that the statute of limitations to collect on this debt had expired. Exhibit B is a copy of the email and the document attached to the email, whose contents are incorporated herein by reference.

17.     Ms. Rodriguez was not aware that the statute of limitations for collecting this debt was three years. *See* Va. Code § 8.01-246(4). Based on Halsted's communications, Ms. Rodriguez believed that she could be sued failing to pay the remainder of the debt.

18.     As a result of the acts alleged above, Ms. Rodriguez made seven payments under the payment plan to Halsted Financial, totaling $349.65. This amount includes seven illegal $9.95 fees totaling $69.95.

### FIRST CAUSE OF ACTION

### Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et. seq.

19.     The facts alleged in paragraphs 1 to 18 are realleged as if set forth in full herein.

20.     Defendant Halsted Financial LLC is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6), because it uses instrumentalities of interstate commerce, including the telephone network and the internet, in the business of regularly collecting or attempting to collect debts asserted to be owed to third parties.

21.     Plaintiff Lizeth Rodriguez is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3), because she is obligated or allegedly obligated to pay a debt arising out of a transaction that is primarily for personal, family, or household purposes (her medical care).

22.     The FDCPA, 15 U.S.C. §1692(f)(1) prohibits "the collection of any amount (including any… fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

23.     The financial agreement signed by Ms. Rodriguez at Inova did not authorize a surcharge of $9.95 fee per $40 payment.   The document memorializing Ms. Rodriguez's payment plan also does not mention this fee.  *See* Exhibit A.  Nor does Virginia law expressly permit such a fee.

24.     Halsted violated 15 U.S.C. §1692(f)(1) by collecting from Ms. Rodriguez multiple $9.95 fees that were neither authorized by the agreement that created the debt nor permitted by law.

**SECOND CAUSE OF ACTION:**

**Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et. seq.**

25.     The facts set forth in paragraphs 1 to 25 are realleged as if set forth in full herein.

26.     The FDCPA, 15 U.S.C. §1692(e)(2)(A) prohibits the false representation of the "character, amount, or legal status" of any debt.

27.     The statute of limitations on a debt originating from "any unwritten contract, express or implied" is three years in Virginia. Va. Code § 8.01-246(4).

28.     Ms. Rodriguez breached her financial obligation to NE Virginia Emergency Physicians, L.L.C. by failing to pay for her care on or around the end of September 2014 or October 2014. The statute of limitations to sue on this debt thus expired on or around September or October 2017.

29.     When Halsted Financial contacted Ms. Rodriguez in December 2017, the debt was past the statute of limitations and thus no suit could be initiated.

30.     Ms. Rodriguez's verbal agreement to a payment plan and/or her partial payments on the debt do not reset the statute of limitations because she did not modify the agreement between herself and Inova Fairfax Hospital with a signed writing. *See* Va. Code § 8.01-229(G).

31.     Halsted's collection email violated 15 U.S.C. § 1692(e)(10) by using false and deceptive means to attempt to collect a debt. The email was false and deceptive by failing to disclose that Halsted was unable to pursue this debt in court due to the statute of limitations. *See McMahon v. LVNV Funding, L.L.C.*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation of that fact thus violates the FDCPA. Matters may be even worse if the debt collector adds a threat of litigation … but such a threat is not a necessary element of the claim.").

32.     Halsted's collection email also violated the FDCPA, 15 U.S.C. §1692(e)(2)(A) by misrepresenting the legal status of a debt. The collection email failed to inform Ms. Rodriguez that the statute of limitations on the debt had expired, which was a misrepresentation of its legal status. See *McMahon,* 744 F.3d at 1021 (explaining it is a misrepresentation of the legal status of a debt when "[a]n unsophisticated customer who read the dunning letter . . . could have been led to believe that her debt was legally enforceable.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lizeth Rodriguez respectfully requests the following relief:

1.     Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

2.     Actual damages, including a refund of unlawful surcharge fees, and for emotional distress, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

3.     Attorneys' fees, costs, and other expenses, pursuant to 15 U.S.C. § 1692(k)(a)(3); and

4.     Such other and further relief as this Court deems proper.

Plaintiff requests trial by jury.

8

Respectfully submitted,


LEGAL AID JUSTICE CENTER


By: _____/s/_____          Date: 12/4/2018


Rachel Nadas (VSB No. 89440)
6066 Leesburg Pike #520
Falls Church, Virginia 22041
(571) 620-5260 / Fax: (703) 778-3454
rnadas@justice4all.org
*Counsel for Plaintiff*